IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00756-BNB

C. ELI-JAH HAKEEM MUHAMMAD, a.k.a. CHRISTOPHER MITCHELL,

    Plaintiff,

v.

ADX-SEGREGATION REVIEW TEAM, et al.,
M. COLLINS, ADX-Unit Manager,
V. SUDLOW, ADX Case Manager, and
R. MADISON, ADX Counselor,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 2 5 2006

GREGORY C. LANGHAM
CLERK

## ORDER TO AMEND COMPLAINT AND TO SHOW CAUSE

Plaintiff is in the custody of the United States Bureau of Prisons and currently is incarcerated at ADX Florence. On April 11, 2006, Plaintiff submitted to the Court a *pro se* Prisoner Complaint pursuant to **Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics**, 403 U.S. 388 (1971) and 28 U.S.C. § 1331. On July 6, 2006, the Court directed Plaintiff to amend the Complaint and use legible writing in all documents that he submits to the Court. On July 24, 2006, Plaintiff filed an Amended Complaint.

The Court must construe the Amended Complaint liberally because Plaintiff is a *pro se* litigant. *See* **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Amended Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal

theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, a court should not act as an advocate for a *pro se* litigant. *See id.*

In the Amended Complaint, Plaintiff asserts thirteen claims, including (1) that his due process rights were violated and he was retaliated against when the ADX Segregation Review Team ordered him held in administrative segregation for six months prior to a disciplinary proceeding, (2) that Defendant R. Madison denied him access to a copy machine when he refused to make copies of legal articles, law reviews, and newspaper clippings that deal with prison issues, (3) that Defendant Madison intentionally destroyed his administrative grievance complaint that he had filed regarding the deprivation of his personal property, (4) that Defendant M. Collins retaliated against him when he denied him his right to access the unit law library and that the denial was not based on any legitimate penological interest, (5) that Defendant V. Sudlow denied his request to receive legal assistance, personal books, and other materials from another ADX prisoner who is a paralegal, (6) that Defendant Madison retaliated against him for engaging in protected conduct when he refused to mail Plaintiff's civil rights action to a typing and copying service, (7) that Defendant Madison retaliated against him for engaging in protected conduct when he deliberately denied Plaintiff postage stamps to send an administrative appeal and as a result denied him meaningful access to the courts, (8) that Defendant Madison retaliated against him for engaging in protected conduct when he refused to make legal copies for Plaintiff when Plaintiff was exhausting nonfrivolous claims and caused Plaintiff to incur an actual injury, (9) that Defendant Sudlow retaliated against him when he refused to copy legal

documents for Case Nos. 05-cv-01473-ZLW and 05-cv-01512-ZLW and caused Plaintiff to incur an actual injury when he hindered Plaintiff's efforts to pursue legal claims in the noted cases, (10) that Defendant Sudlow retaliated against Plaintiff for engaging in protected conduct and exercising his right to access the courts when he refused to provided Plaintiff with carbon paper and to allow Plaintiff access to law materials, (11) that Defendants Collins, Sudlow, and Madison have retaliated against him by denying him legal materials so that he may challenge the conditions of his confinement, (12) that Defendant Madison retaliated against Plaintiff and arbitrarily withheld and eventually sent out without Plaintiff's consent personal property and that the property was sent out in retaliation against Plaintiff for exercising his First Amendment rights to file prison grievances and to pursue civil rights litigation, and (13) that Defendants Collins, Sudlow, and Madison assess costs against indigent inmates' accounts for postage and copies.

Throughout the Amended Complaint Plaintiff asserts that he has been retaliated against. Under Section "C. Nature of the Case," Plaintiff states that he is alleging retaliatory actions for engaging in protected activities. In each of Claims One, Four, Six, Seven, Eight, Nine, Ten, Eleven, and Twelve he asserts claims of retaliation.

Prison officials may not retaliate against an inmate for exercising his constitutional rights. **See Peterson v. Shanks**, 149 F.3d 1140, 1144 (10th Cir. 1998). However, "[m]ere allegations of constitutional retaliation will not suffice; plaintiffs must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." **Frazier v. Dubois**, 922 F.2d 560, 562 n.1 (10th Cir. 1990); **see**

*Peterson*, 149 F.3d at 1144 (a plaintiff must demonstrate that the "alleged retaliatory motives were the 'but for' cause of the defendants' actions").

For the most part Plaintiff has failed to state specific facts showing retaliation. The Court can only assume that Plaintiff is asserting that he is being retaliated against for either filing grievances or for filing complaints in this Court in Claims One, Four, Six, Seven, Eight, Nine, and Eleven. Plaintiff, however, has failed to allege that retaliatory motives were the "but for" causes for Defendants' actions. Therefore, Plaintiff is instructed to amend the Amended Complaint and properly plead retaliation.

Furthermore, upon review of the grievances that Plaintiff has submitted as evidence that he has exhausted his administrative remedies, the Court finds that the only grievance that he submitted which addresses the issue of retaliation is in relation to Claim Nine. It appears that Plaintiff has failed to exhaust his retaliation claims through the BOP grievance system as to Claims One, Four, Six, Seven, Eight, Nine, Ten, Eleven, and Twelve. Plaintiff previously has been instructed and warned of possible sanctions if he did not abide by 42 U.S.C. § 1997e(a). Plaintiff has been told by the Court previously that an inmate must exhaust administrative remedies before seeking judicial relief regardless of the relief sought and offered through administrative procedures, **see Booth v. Churner**, 532 U.S. 731, 739 (2001), and regardless of whether the suit involves general circumstances or particular episodes. **See Porter v. Nussle**, 534 U.S. 516, 532 (2002).

Plaintiff also has been instructed that § 1997e(a) imposes a total exhaustion requirement on prisoners. **See Ross v. County of Bernalillo**, 365 F.3d 1181, 1189

(10th Cir. 2004). Therefore, if Plaintiff has failed to exhaust administrative remedies for any one of his claims, the Amended Complaint and action must be dismissed.

In the attached exhibits, Plaintiff only refers to retaliation in a copy of one of the informal resolution forms that he identifies as relating to Claim Nine. (Application at Attachs.) He states in response to Step Two of the form that he has "filed numerous grievance complaints against [his] F Unit Team for denying [him] access to courts and retaliation." (Application at Attachs.) However, Plaintiff did not attach the grievances he refers to on the informal resolution form. Therefore, Plaintiff has failed to satisfy the burden of pleading exhaustion of administrative remedies with respect to his claims of retaliation.

Plaintiff will be ordered to show cause why the Amended Complaint and action should not be dismissed for failure to exhaust the BOP's administrative grievance procedure as to Claims One, Four, Six, Seven, Eight, Nine, Ten, Eleven, and Twelve and for failure to totally exhaust all claims. Plaintiff is reminded that he either must attach copies of all his administrative proceedings or describe their disposition with specificity as to each asserted claim and each issue raised in each asserted claim.

Again Plaintiff is instructed as he was instructed in Case Nos. 05-cv-01513-ZLW and 05-cv-01473-ZLW, with respect to named Defendant, ADX Segregation Review Team, the Team is not a person for the purpose of a *Bivens* action. Plaintiff, therefore, must name as parties to the action each of the members of the team and demonstrate how each of them personally participated in the asserted violations of his rights. See *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Plaintiff must show that each Defendant caused the deprivation of a

federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). Accordingly, it is

ORDERED that Plaintiff file **within thirty days from the date of this Order** a Second Amended Complaint that complies with the instant Order alleging specific facts showing retaliation because of the exercise of his constitutional rights and clarifying his efforts to exhaust his retaliation claims through the Bureau of Prisons' administrative grievance procedure. It is

FURTHER ORDERED that the Clerk of the Court mail to Plaintiff, together with a copy of this Order, two copies of a Prisoner Complaint form. It is

FURTHER ORDERED that if Plaintiff fails within the time allowed to file an original and sufficient copies of a Second Amended Complaint that complies with this Order to the Court's satisfaction, the action will be dismissed without further notice. It is

FURTHER ORDERED that Plaintiff is to continue to submit documents that are legibly written as instructed by the Court.

DATED August 25, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00756-BNB

C. Elijah Hakeem Muhammad
aka Christopher Hijrah Mitchell
Reg. No. 02791-088
ADX - Florence
PO Box 8500
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER** and **two copies of Prisoner Complaint** to the above-named individuals on 8/25/06

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk